whether to equitably toll a period of limitations must be decided on a case-by-case basis. *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).

Cook argues that because the prison copier was broken, he had to mail his habeas petition to his daughter for duplication; otherwise, he would not have been in compliance with the filing requirements. In the Eastern District of Michigan, habeas petitions "shall be filed with the Clerk in duplicate. The duplicate copies are to be clearly marked 'Judge's Copy.'" E.D. Mich. R. 5.1(b).

Assessing the five factors outlined in *Dunlap*, no evidence suggests that Cook had actual notice or constructive knowledge of the filing requirement until a few days prior to the deadline. However, even according to Cook, he did know about the deadline before it expired. Additionally, it is hard to imagine how the Respondent would be prejudiced by a petition roughly one month late.

Assuming the prison copier was broken, Cook certainly may have acted reasonably when he mailed the petition to his daughter for photocopying; the local rule would suggest that to be a sensible course of action. However, Cook would have never have been in this hurried state had he not waited nearly twelve years to file his habeas petition. This extended period during which he sat on his claims demonstrates that Cook was not diligent in pursuing his rights.

Given this extraordinarily long period of unexplained idleness and the fact that Cook did have knowledge of the filing deadline at least a few days prior to the deadline, we find it inappropriate to exercise our equitable powers and toll the statute of limitations in this case.

### III.  CONCLUSION

We AFFIRM the judgment of the Honorable Avern Cohn.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2002 FED App. 0218P (6th Cir.)
File Name:  02a0218p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————

THEODORE COOK,
        *Petitioner-Appellant,*

        *v.*                                No. 00-2036

JIMMY STEGALL, Warden,
        *Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 97-72450—Avern Cohn, Senior District Judge.

Argued:  June 11, 2002

Decided and Filed:  July 1, 2002

Before:  KEITH and DAUGHTREY, Circuit Judges;
MARBLEY, District Judge.

————————

### COUNSEL

**ARGUED:**   James R. Gerometta, FEDERAL PUBLIC DEFENDERS OFFICE, Detroit, Michigan, for Appellant. Raina I. Korbakis, STATE OF MICHIGAN, DEPARTMENT

———————————

[*] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

OF ATTORNEY GENERAL, Lansing, Michigan, for Appellee. **ON BRIEF:** James R. Gerometta, Andrew N. Wise, FEDERAL PUBLIC DEFENDERS OFFICE, Detroit, Michigan, for Appellant. Laura Graves Moody, OFFICE OF THE ATTORNEY GENERAL, HABEAS CORPUS DIVISION, Lansing, Michigan, for Appellee.

———————————

## OPINION

———————————

DAMON J. KEITH, Circuit Judge. Petitioner Theodore Cook ("Cook") appeals the district court's dismissal with prejudice of his petition for a writ of habeas corpus because it was untimely. Cook presents three issues on appeal: whether he received adequate notice of his April 24, 1997 filing deadline when no controlling authority had set the deadline until after that date; whether the common law mailbox rule applies to the mailing of his habeas petition to a third party, who in turn filed the petition at a later date; and whether the statute of limitations should have been equitably tolled.

For the reasons discussed below, we AFFIRM the dismissal of the petition.

## I.  BACKGROUND

Cook was convicted of First Degree Murder in January 1982 in the Recorders Court for the City of Detroit, Michigan. His state court appeals were exhausted and his conviction finalized on June 3, 1985, when the Michigan Supreme Court denied Cook's application for leave to appeal.

Cook did not file a petition for a writ of habeas corpus until 1997. Cook's initial petition was marked received by the Clerk's Office of the United States District Court for the Eastern District of Michigan on May 21, 1997. The petition was rejected and returned to Cook because it was neither accompanied by the five-dollar filing fee nor an application to

with his legal documents at his peril"); *Paige v. United States*, 171 F.3d 559 (8th Cir. 1999) (mailbox rule does not apply where prisoner mailed petition to his brother, a prisoner at another facility, for filing); *Gaines v. Newland,* 1998 WL 704418 (N.D. Cal. 1998) (mailbox rule does not apply where prisoner mailed petition to his grandmother for filing); *Pearson v. Vaugh*, 984 F.Supp. 315 (E.D. Pa. 1997) (mailbox rule does not apply where prisoner mailed petition to his attorney for filing). The reluctance of courts to apply the mailbox rule to mailings to third parties is well taken. A contrary rule would allow prisoners to mail habeas petitions to third parties for substantive revisions while claiming their earlier mailing date as the filing date. In this manner, prisoners could easily circumvent statutes of limitations. Therefore, we hold that the common law mailbox rule is inapplicable to the mailing of habeas petitions to third parties, as intermediaries, who then mail them to the court for filing.

### E.   Equitable Tolling

Finally, Cook argues that the statute of limitations should have been tolled because the prison copier was broken. We find equitable tolling inappropriate in this case, where Cook waited nearly twelve years to file a habeas petition.

The following factors are weighed in deciding whether a statute of limitations should be tolled due to equitable considerations: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim. *Dunlap v. United States*, 250 F.3d 1000 (6th Cir. 2001). This Circuit has repeatedly cautioned that equitable tolling relief should only be granted sparingly. *See e.g., Dunlap*, 250 F.3d at 1008-09. As stated in *Graham-Humphreys*, the five factors considered in deciding whether to equitably toll a limitations period are not comprehensive, nor is each of the five factors relevant in all cases. *Graham-Humphreys*, 209 F.3d at 561. The decision

commencement of suits upon existing causes of action." *Id.* at 60-63, 22 S.Ct. at 575. As such, courts nearly unanimously allow prisoners a "reasonable time" after the enactment of the AEDPA to file a habeas petition, even if their conviction was finalized in the state courts more than one year prior to the filing of the petition. *See e.g., United States v. Flores*, 135 F.3d 1000 (5th Cir. 1998); *Peterson v. Demskie*, 107 F.3d 92, 93 (2d Cir.1997); *Calderon v. United States District Court for the Central District of California*, 128 F.3d 1283, 1287 (9th Cir.1997); *United States v. Simmonds*, 111 F.3d 737, 745-46 (10th Cir.1997); *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir.1996), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). This Circuit has already ruled that a one-year grace period after the AEDPA's effective date is reasonable. *See Brown,* 187 F.3d at 577. Therefore, applying this one-year deadline to Cook's habeas petition does not violate his due process rights.

D.  Common Law Mailbox Rule

Next, Cook argues that the common law mailbox rule should apply in this case, thereby making his habeas petition timely; accordingly, April 19 or 20, the day that he mailed the habeas petition to his daughter, should be considered the actual filing date. We find the mailbox rule inapplicable to this case and affirm the district court on the issue.

Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts. *See Houston v. Lack*, 487 U.S. 266, 273 (1988). The rationale for the rule is that the date the prisoner gives the petition to the prison can be readily ascertained, and any delays in receipt by the court can be attributed to the prison, and pro se litigants should not be penalized for a prison's failure to act promptly on their behalf. *Id.* at 275-276.

Courts have been reluctant to extend the mailbox rule to the situation where a prisoner mails the petition to a third party for filing. *See e.g., United States v. Cicero*, 214 F.3d 199, 205 (D.C. Cir. 2000) (Petitioner "entrusted Mr. Al'Askari

proceed in forma pauperis. Cook's subsequent petition, accompanied by an application to proceed in forma pauperis, was marked received by the Clerk's Office on July 16, 1997. Additionally, the application to proceed in forma pauperis was dated and notarized April 19, 1997.

On September 22, 1997, Respondent Jimmy Stegall ("Respondent") filed a motion to dismiss the petition, alleging that it was untimely. Respondent claimed that under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Cook was required to file his petition on or before April 24, 1997.

Cook responded to the motion, making three claims. First, Cook claimed that the petition had been timely filed by his daughter, Elaine Cook, and the Clerk's stamp of May 21, 1997 was a mistake. Second, Cook claimed that the common law mailbox rule applied to make his petition timely, as he mailed the petition to his daughter on April 19 or 20, 1997 to photocopy and file. Cook alleged that he had not learned of the April 24 deadline until April 22, at which point he immediately called his daughter and instructed her to file the petition. Finally, Cook claimed that because the prison copier was broken, the limitations period should have been equitably tolled.

Initially, the district court ruled that the mailbox rule should apply and found Cook's application timely. However, after granting a motion to reconsider filed by the Respondent, the district court reversed its ruling and denied the habeas petition because it was untimely.

On appeal, Cook argues that the district court improperly ruled that neither the mailbox rule nor equitable tolling applied to make his application timely. Additionally, Cook argues that he lacked adequate notice of the applicability of the AEDPA statute of limitations to his conviction, since it became effective only after his conviction was finalized.

## II.  ANALYSIS

### A.   Standard of Review

The disposition of a habeas petition by the district court is reviewed de novo.  The dismissal of a habeas petition by the district court as barred by 28 U.S.C. §2444's statute of limitations is reviewed de novo.  *Bronaugh v. Ohio*, 235 F.3d 280, 282 (2000), *reh'g and reh'g en banc denied*, (2001).  The factual findings of a district court are reviewed under a clearly erroneous standard.  *Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir. 1999).

### B.   Filing Deadline

On April 24, 1996, between the finalization of Cook's conviction and the filing of his habeas petition, the AEDPA became effective.  The AEDPA amended 28 U.S.C. §2244 to include a new one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments.  *See* 28 U.S.C. §2244(d)(1)(A).  For prisoners like Cook, whose convictions were finalized prior to enactment of the AEDPA, this Circuit has ruled that they have one additional year after the Act's effective date to file a habeas petition.  *See Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *overruled on other grounds* 120 S.Ct. 2715 (2000).  Therefore, Cook had until April 24, 1997 to file his habeas petition.

### C.   Notice of Deadline

Petitioner first argues that this deadline cannot be made applicable to him, since he lacked the adequate notice of the deadline that due process requires.  While Cook filed his petition in 1997, the Sixth Circuit did not rule that prisoners whose convictions were finalized before the AEDPA became effective were subject to a one year limitations period until 1999.  *See id.*  Our precedents show that Cook was afforded a reasonable time to file his petition.  Therefore, we affirm the district court's decision that applying the one-year limitations period to Cook does not violate due process.

In applying legislatively amended periods of limitation, courts typically construe them as "govern[ing] the secondary conduct of filing suit, not the primary conduct of the [parties]."  *St. Louis v. Texas Worker's Compensation Commission*, 65 F.3d 43, 46 (5th Cir.1995).  Similarly, it is often said that statutes of limitation go to matters of remedy rather than to fundamental rights. *See, e.g., Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 312-15, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945) ("This Court, . . . adopted as a working hypothesis, as a matter of constitutional law, the view that statutes of limitation go to matters of remedy, not to destruction of fundamental rights.").  As such, courts do not interpret the retroactive application of statute of limitations as requiring the notice that due process requires.  "[S]tatutes relating to remedies or modes of procedure, which do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of such rights, do not normally come within the legal conception of a retrospective law, or the general rule against the retrospective operation of statutes."  *United States v. Flores*, 135 F.3d 1000, 1004 n.11 (5th Cir. 1998) (quoting 73 Am.Jur.2d Statutes § 354 (1974) (footnote omitted)).

The application of a legislatively amended limitations period, however, is subject to at least one restriction.  This constraint was expressed by the Supreme Court in *Wilson v. Iseminger*, 185 U.S. 55, 60-63, 22 S.Ct. 573, 575, 46 L.Ed. 804 (1902), where the Court stated:

It may be properly conceded that all statutes of limitation must proceed on the idea that the party has full opportunity afforded him to try his right in the courts.  A statute could not bar the existing rights of claimants without affording this opportunity;  if it should attempt to do so, it would not be a statute of limitations, but an unlawful attempt to extinguish rights arbitrarily, whatever might be the purport of its provisions.

*Id.*  The Court went on to state that "[i]t is essential that such statutes allow a reasonable time after they take effect for the