**Jesse HARRISON, Petitioner–
Appellant,**

v.

**I.M.S., et al., Respondents–Appellees.**

No. 99–2249.

United States Court of Appeals,
Sixth Circuit.

Jan. 22, 2003.

Before BOGGS, SUHRHEINRICH, and CLAY, Circuit Judges.

CLAY, Circuit Judge.

Petitioner, Jesse Harrison, a Michigan prisoner proceeding *pro se,* appeals from the district court's judgment entered on September 3, 1999, granting summary judgment to Respondent, I.M.S., et al., thereby denying Petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons set forth below, we AFFIRM.

## BACKGROUND

### Procedural History

On July 15, 1991, Petitioner was convicted by a jury of assault with intent to murder, felonious assault, and felony firearm, in violation of Mich. Comp. Laws Ann. §§ 750.83, 750.82, and 750.227, respectively. After the jury's verdict, Petitioner pleaded guilty to being a habitual offender, second offense, in violation of Mich. Comp. Laws Ann. § 769.10.

The Michigan Supreme Court denied Petitioner's application for leave to appeal on September 30, 1994. *People v. Harrison,* No. 99430, 523 N.W.2d 629 (Mich. Sept. 30, 1994) (unpublished).

In January of 1998, Petitioner filed a *pro se* application for a writ of habeas corpus. Respondent filed a motion for summary judgment on January 13, 1999, requesting that the court dismiss Petitioner's applica-

tion since it was filed after expiration of the one-year statute of limitations established by 28 U.S.C. § 2244(d)(1). Petitioner filed a response on August 26, 1999.

The court issued an order on September 3, 1999, granting Respondent's motion for summary judgment, thereby denying Petitioner's application for a writ of habeas corpus.

Petitioner filed an untimely notice of appeal on October 21, 1999. Pursuant to Federal Rule of Appellate Procedure 4(a)(5), the district court construed Petitioner's notice of appeal as a motion for an extension of time to appeal. On July 3, 2000, the district court issued an order granting Petitioner's motion for an extension of time to appeal. We granted a certificate of appealability on November 26, 2000.

### Facts

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted, on July 15, 1991, of assault with intent to murder, felonious assault, and felony firearm, in violation of Mich. Comp. Laws Ann. §§ 750.83, 750.82, and 750.227, respectively. After entry of the jury's verdict, Petitioner pleaded guilty to being a habitual offender, second offense, in violation of Mich. Comp. Laws Ann. § 769.10. Petitioner received a sentence of twenty-to-sixty years of imprisonment for the assault with intent to murder conviction, which was vacated and replaced by a sentence of twenty-to-sixty years of imprisonment for the habitual offender conviction. Petitioner also received a sentence of two-to-four years of imprisonment for the felonious assault conviction, and five years of imprisonment for the felony firearm conviction.

Petitioner filed an appeal as of right with the Michigan Court of Appeals on August 20, 1991. The appellate court affirmed Petitioner's conviction.

In September of 1992, Petitioner was admitted into the Federal Witness Protection ("FWP") Program as result of his cooperation with authorities. Two years later, Petitioner filed an application for leave to appeal with the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Harrison*, No. 99430, 523 N.W.2d 629 (Mich. Sept. 30, 1994) (unpublished).

In January of 1998, Petitioner filed a *pro se* application for a writ of habeas corpus, alleging that he is incarcerated in violation of his constitutional rights. Respondent filed a motion for summary judgment on January 13, 1999. Respondent requested that the court dismiss Petitioner's application since it was filed after expiration of the one-year statute of limitations established by 28 U.S.C. § 2244(d)(1). The court ordered Petitioner to file a response to the motion for summary judgment by August 20, 1999. Petitioner filed an untimely response on August 26, 1999, asserting that he was unable to meet the filing deadline because of "pending court matters and institutional red tape," and that he was not aware of the deadline. (J.A. at 61.) Petitioner further asserted that he did not receive a copy of his trial transcripts in time to meet the filing deadline since his mail was sent to Washington by the FWP Program and then forwarded to his address. Petitioner asserted that he first received a copy of his trial transcripts in late 1996, but the transcripts were confiscated by prison officials in February of 1997. Petitioner also asserted that when portions of the transcripts were returned to him in August of 1997, he was transferred to another institution and did not receive his personal property until November of 1997. Petitioner claimed that he filed a motion for sentence reduction in

late 1996; however, the district court docket sheet does not indicate that the motion was ever filed.

The court issued an order on September 2, 1999, granting Respondent's motion for summary judgment, thereby denying Petitioner's application for a writ of habeas corpus. The court held that Petitioner failed to demonstrate "the existence of any exceptional circumstances which would warrant equitable tolling of the limitations period." (J.A. at 72–73.)

## DISCUSSION

We review the district court's grant of summary judgment *de novo. Kocsis v. Multi–Care Mgmt., Inc.,* 97 F.3d 876, 882 (6th Cir.1996). Summary judgment is appropriate if "the pleadings, affidavits, and other submissions show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Mich. Prot. & Advocacy Serv., Inc. v. Babin,* 18 F.3d 337, 341 (6th Cir.1994) (quoting Fed. R.Civ.P. 56(c)). All evidence must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However, "[t]he moving party need not support its motion with evidence disproving the nonmoving party's claim, but need only show that there is an absence of evidence to support the nonmoving party's case." *Babin,* 18 F.3d at 341 (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

The district court's dismissal of an application for a writ of habeas corpus is also reviewed *de novo. Cook v. Stegall,* 295 F.3d 517, 518 (6th Cir.2002). The factual findings of a district court are reviewed for clear error. *Id.*

### A. Filing Deadline

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to all applications for a writ of habeas corpus filed after the effective date of April 24, 1996.[1] 28 U.S.C. § 2244(d)(1). Petitioner's habeas application was filed in January of 1998, approximately two years after AEDPA's effective date. Thus, the one-year statute of limitations for filing an application for a writ of habeas corpus applies to this case. 28 U.S.C. § 2244(d)(1).

Petitioner's conviction became final on December 29, 1994, ninety days after the Michigan Supreme Court denied his application for leave to appeal. 28 U.S.C. § 2244(d)(1)(A); Sup.Ct. R. 13(1). For prisoners, like Petitioner, whose convictions were finalized prior to enactment of the AEDPA, we have ruled that they have one additional year after the AEDPA's

---

1. AEDPA provides:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

effective date to file an application for a writ of habeas corpus. *Cook v. Stegall,* 295 F.3d 517, 519 (6th Cir.2002). Thus, Petitioner had until April 24, 1997 to file his habeas application. *Id.* However, Petitioner did not file his habeas application until January of 1998, over eight months after the filing deadline.

## B. Equitable Tolling

We had not yet addressed the standard governing equitable tolling of the one-year statute of limitations period of the AEDPA at the time the district court issued its order dismissing Petitioner's application for a writ of habeas corpus. The district court applied the "extraordinary circumstances" test which is used by every other circuit. While this case was pending on appeal, we issued our decision in *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.2001), which set forth the following five factors for determining whether a petitioner for a writ of habeas corpus is entitled to equitable tolling: (1) the petitioner's lack of notice of the filing requirement, (2) the petitioner's lack of constructive knowledge of the filing requirement, (3) the petitioner's diligence in pursuing his rights, (4) absence of prejudice to the respondent, and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. The fourth factor, absence of prejudice to the respondent, may only be considered if the petitioner satisfies the other four prongs of the test and, therefore can only weigh in the respondent's favor. *Id.* at 1009. However, equitable tolling relief should only be granted sparingly. *Cook,* 295 F.3d at 521. Petitioner and Respondent concede that the *Dunlap* five-prong test applies to this case.

Petitioner argues on appeal that he was unable to meet the filing deadline because he was (1) unaware of the filing deadline, (2) a member of the FWP Program, which caused considerable delays in him sending and receiving mail, (3) not given a copy of his trial transcripts in time to meet the filing deadline, and (4) transferred to another institution and, consequently, not given his personal property until November of 1997, seven months after the filing deadline. Respondent argues that, even assuming Petitioner's factual allegations are true, Petitioner does not satisfy the *Dunlap* five-prong test.

With respect to the first *Dunlap* factor, Respondent argues that Petitioner's response to the motion for summary judgment did not allege that he was unaware of the filing deadline. Petitioner stated in his response that he would have been "unable to meet the one-year deadline, even if he had been aware of the deadline." (J.A. at 61.) Given that Petitioner is not experienced in drafting legal documents and is proceeding without the assistance of an attorney, Petitioner may have intended to allege that he was unaware of the filing deadline. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (holding that a court must read a *pro se* petitioner's complaint indulgently). Viewing evidence in the light most favorable to Petitioner, we find that Petitioner was not aware of the filing deadline.

With respect to the second *Dunlap* factor, we agree with Respondent that Petitioner's alleged ignorance of legal matters does not demonstrate a lack of constructive knowledge of the filing deadline. *See United States v. Baker,* 197 F.3d 211, 218–19 (6th Cir.1999) (noting that in a direct criminal appeal, accepting ignorance of the law as an excuse would encourage and reward indifference to the law). Through his prior dealings with the court, Petitioner learned that the earlier documents he filed with the court had corresponding filing deadlines. Thus, Petitioner knew or

should have known that his application for a writ of habeas corpus also had a filing deadline.

With respect to the third *Dunlap* factor, we agree with Respondent that Petitioner has not been diligent in pursuing his rights. Over three years passed between the time Petitioner completed his state appeal and the time he filed his application for a writ of habeas corpus. Petitioner states that at the same time he was preparing his habeas application, he was involved in two other "legal matters." Petitioner also states that he was able to file a motion for re-sentencing in 1994. The fact that Petitioner was able to commerce these other three legal actions demonstrates that with diligence, he could have filed his habeas application at an earlier date. *See Dunlap,* 250 F.3d at 1010. The habeas application that was eventually filed by Petitioner did not require transcript references and could have been filed as quickly as his motion for re-sentencing.

With respect to the fifth *Dunlap* factor, we agree with Respondent that Petitioner was not reasonable in remaining ignorant of the filing requirement. Since Petitioner is obviously literate and motivated, he had every reason to inquire about the procedures for applying for a writ of habeas corpus soon after his direct appeal proved unsuccessful. *See id.* No evidence on the record indicates that Petitioner inquired about the procedural requirements for filing his habeas application.

Since Petitioner has not satisfied the four prongs discussed above, we need not consider the fourth prong of the *Dunlap* test. *Id.* at 1009.

## C. Harmless Error

Under Federal Rule of Criminal Procedure 52(a), if the district court applied the wrong legal analysis but reached the correct result, we must disregard the defect unless "the substantial rights of the parties" are affected. *See Wolf v. Moore,* 199 F.3d 324, 329 (6th Cir.1999).

To the extent that the district court erred in reaching its decision under the "extraordinary circumstances" test, the error was harmless since the same result is warranted under the *Dunlap* five-prong test. *See* Fed.R.Crim.P. 52(a).

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment denying Petitioner's application for a writ of habeas corpus.