**Henry T. STEWART, Petitioner–Appellant,**

v.

**Kenny ROBINSON, Respondent–Appellee.**

No. 02–1216.

United States Court of Appeals, Sixth Circuit.

May 19, 2003.

Before: GUY, BOGGS, and DAUGHTREY, Circuit Judges.

### ORDER

This is a direct appeal from a district court judgment dismissing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1991, Henry Stewart was convicted in Michigan state court of first degree criminal sexual conduct and sentenced to a thirty to seventy year term of imprisonment. Stewart filed a petition for a writ of habeas corpus in 2001 (claiming that it was a "copy" of one he filed in 1998) in which he sought to challenge the constitutionality of the 1991 conviction. The Michigan Attorney General moved to dismiss the petition as being out of time and the district court granted the motion.

The only issue for appellate review is whether the district court properly rejected Stewart's contention that he had initially filed, or attempted to file, his 2001 petition for habeas corpus relief in 1998. The district court's decision to dismiss Stewart's petition as being out of time will be reviewed de novo. *See, e.g., Cook v. Stegall,* 295 F.3d 517, 519 (6th Cir.2002). The court's factual findings made in connection with the decision to dismiss are reviewed for clear error. *Id.* A review of the present record and law under the foregoing standards supports the district court's decision in all respects.

On April 19, 1991, a Detroit Recorder's Court jury found Stewart guilty of two counts of criminal sexual conduct in the first degree and he pleaded guilty to being a habitual offender, third offense. A panel of the Michigan Court of Appeals affirmed Stewart's conviction and sentence on the merits on direct appeal and the Michigan Supreme Court denied Stewart leave to appeal by order of July 29, 1994. Stewart later unsuccessfully pursued Michigan post-judgment remedies. His motion for relief from judgment was denied at the trial level and he was denied leave to appeal this decision by the Michigan Court of Appeals and the Michigan Supreme Court. This latter order was issued November 7, 1997.

The next document of which any court has a record is a letter Stewart wrote to the United States District Court for the Eastern District of Michigan on February 17, 2001, and apparently received (but not officially docketed) by the court on February 21, 2001. Stewart's letter is an inquiry into the status of a § 2254 petition for a writ of habeas corpus he claimed that he sent to the court on September 17, 1998. This letter was followed by Stewart filing what he alleged to be a copy of his original September 1998 petition, a petition that does not contain any claim based on a Supreme Court decision written after November 7, 1997. This petition does bear a hand-written date of "9–17–98," but it does not carry a notarized date of filing (or mailing) nor a certificate of service. The Michigan Attorney General moved to dismiss the § 2254 petition as having been filed well beyond the applicable one-year limitation of actions, that is, November 7, 1998.

The district court granted the motion to dismiss. The court first agreed that, as Stewart's petition did not hinge on any newly announced principle of constitutional law, the final date on which he could file his § 2254 petition was November 7, 1998. The court then found Stewart's submissions were inadequate to show that he originally sent his petition to the district court in September 1998 as claimed. The court based this finding on the absence of 1) any record of the petition with the district court, 2) any proof that the court received the petition from Stewart, 3) any notary stamp on the alleged copy, and 4) any inquiry by Stewart into the status of the alleged petition until at least two and one-third years following the alleged submission of the petition. The court also relied on some of these factors, particularly Stewart's lack of diligence, in concluding that Stewart was not entitled to benefit from the equitable tolling of the statute.

**538**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to all petitions for a writ of habeas corpus filed after the effective date of April 24, 1996. The AEDPA contains a one-year statute of limitations period during which a § 2254 federal habeas corpus petition must be filed. *See* 28 U.S.C. § 2244(d)(1). This statute of limitations begins to run from the latest of four circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). The one-year period of limitations is tolled, however, by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The AEDPA became effective on April 24, 1996. Habeas corpus petitioners, whose state convictions were concluded by direct review prior to the effective date of the AEDPA, are afforded a one-year grace period, until April 24, 1997, in which to file a § 2254 petition. *See Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir.1999).

■ Stewart was convicted prior to April 24, 1996, and he had a properly instituted collateral challenge to his conviction pending in Michigan state court until November 7, 1997. Thus, Stewart had until November 7, 1998, in which to file any § 2254 petition. There is absolutely no evidence, other than Stewart's bare assertion, that he actually mailed a § 2254 petition to the district court prior to November 1998. The alleged copy of the petition does not bear any objective indicia of mailing and Stewart does not claim to be in possession of a receipt for the petition from the district court. The district court's factual finding on this issue is subject to review only for clear error. *Cook,* 295 F.3d at 519. A factual finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Russell,* 156 F.3d 687, 690 (6th Cir.1998) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 365, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). The complete absence of any objective evidence supporting Stewart's alleged submission of a habeas corpus petition in September 1998 means that the district court's findings in this regard will not be disturbed.

■ The district court also properly concluded that Stewart was not entitled to benefit from the doctrine of equitable tolling in this case. In *Dunlap v. United States,* 250 F.3d 1001, 1009 (6th Cir.2001), a panel of this court held that the doctrine of equitable tolling was available in rare instances to permit the filing of a petition for habeas corpus relief that was otherwise subject to dismissal as being filed beyond the AEDPA's one-year statute of limitation. Equitable tolling "should only be granted sparingly." *Cook,* 295 F.3d at 521. The absence of any supporting evidence of Stewart's alleged 1998 filing and his unexplained failure to inquire into the status of the case until well over two and one-half years after the claimed mailing date of September 1998 supports the district court's actions in this regard.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.