**Theodore REYNOLDS, Petitioner–Appellant,**

v.

**David SMITH, Respondent–Appellee.**

No. 02–2250.

United States Court of Appeals, Sixth Circuit.

May 22, 2003.

Before: SUHRHEINRICH and COLE, Circuit Judges; and CARR, District Judge.*

*ORDER*

Theodore Reynolds, a Michigan state prisoner, requests the appointment of counsel and appeals a district court order dismissing his petition for a writ of habeas

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

corpus, filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1988, Reynolds entered a guilty plea to second degree murder, and was sentenced to life imprisonment with the possibility of parole. His conviction was affirmed on direct appeal, and his post-conviction proceedings, filed in 1993 and 2000, were unsuccessful. In this petition for federal habeas corpus relief, filed in 2002, Reynolds apparently sought to raise claims that his plea had been involuntary, that he had received ineffective assistance of counsel, and that he was actually innocent, as well as a challenge to his sentence. The district court dismissed the petition as barred by the one-year statute of limitations, 28 U.S.C. § 2244(d). On appeal, Reynolds appears to address the merits of his claims rather than the statute of limitations question.

Upon review, we conclude that the dismissal of this petition as barred by the statute of limitations must be affirmed for the reasons stated by the district court. Because the conviction in this case became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act. Reynolds had until April 24, 1997, to file for federal habeas corpus relief. *See Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir.), *cert. denied*, —— U.S. ——, 123 S.Ct. 699, 154 L.Ed.2d 638 (2002). This petition, filed in 2002, was nearly five years late. Reynolds is not entitled to equitable tolling, as he showed neither that he lacked notice of the filing requirement, that he was diligent in pursuing his claims, or that the respondent would not be prejudiced by the delay. *Dunlap v. United States*, 250 F.3d 1001, 1008–09 (6th Cir.), *cert. denied*, 534 U.S. 1057, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001).

The district court also noted that, even if the statute of limitations could be avoided by a claim of actual innocence, the claim of actual innocence in this case is without merit. Reynolds claimed actual innocence by pointing to preliminary exam testimony showing that the decedent was approaching him from behind with a knife, and that Reynolds turned and shot at him when he was six to eight feet away. The decedent fell, and Reynolds then stood over him and fired two more shots, the first at his head. There was evidence that the decedent had a scrape on his left temple consistent with striking his head there in his fall. The fatal shot was also to the left temple. Reynolds argues that he could not have fired the fatal shot when the decedent was on the ground if he had hit his left temple on the ground in his fall. Therefore, he argues that the fatal shot was the first, arguably self-defensive shot. On the contrary, it is entirely possible that a different wound caused the decedent to fall and strike his head, and that he then rolled over in an attempt to get up before Reynolds fired the fatal shot to his left temple. The evidence Reynolds relies on does not establish that it is more likely than not that no reasonable juror would have convicted him. *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

Because the petition was clearly barred by the statute of limitations and there is no basis for applying equitable tolling, the district court's order of dismissal is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.