**Charles SELLS, Petitioner–Appellant,**

v.

**Jeffrey A. WOLFE, Warden, Respondent–Appellee.**

No. 02–3034.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2003.

Before CLAY and GIBBONS, Circuit Judges; and CLELAND, District Judge.*

CLAY, Circuit Judge.

Petitioner, Charles Sells, appeals from the district court's judgment entered on

---

\* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

November 23, 2001, dismissing his petition for writ of habeas corpus for failure to comply with the statute of limitations set forth in 28 U.S.C. § 2244(d). For the reasons that follow, we AFFIRM the district court's judgment.

A grand jury sitting in Logan County, Ohio returned an indictment on March 29, 1990, charging Petitioner with one count of committing an aggravated robbery, with a firearm specification, in violation of Ohio Rev.Code Ann. § 2911.01(A)(1), and having weapons while under disability in violation of Ohio Rev.Code Ann. § 2923.13. A jury convicted Petitioner of all counts on June 27, 1990. Petitioner was sentenced to ten to twenty-five years of imprisonment for the aggravated robbery, three years of imprisonment for the firearm specification, and eighteen months of imprisonment for having weapons while under disability to run consecutively.

Petitioner filed a timely appeal of his conviction to the Ohio Court of Appeals on July 30, 1990. The court of appeals affirmed Petitioner's conviction on September 23, 1991. Thereafter, on November 12, 1991, Petitioner filed a timely appeal to the Ohio Supreme Court. On June 17, 1992, the supreme court *sua sponte* dismissed Petitioner's appeal.

Petitioner filed a petition for post-conviction relief in the trial court on January 25, 1993. The trial court dismissed the petition with prejudice on April 20, 1993. Petitioner did not appeal the dismissal. On September 23, 1996, Petitioner filed a second petition for post-conviction relief in the trial court asserting, *inter alia*, that the government did not fully disclose the terms of a co-defendant's plea agreement.

The trial court denied the second petition on November 14, 1997. Petitioner filed a timely appeal to the Ohio Court of Appeals on December 12, 1997. The court of appeals affirmed the trial court's denial of the second petition on July 9, 1998.

Petitioner filed a timely appeal to the Ohio Supreme Court on August 19, 1998. On November 18, 1998, the supreme court dismissed Petitioner's appeal as not involving any substantial constitutional question. Petitioner filed a motion for reconsideration on November 30, 1998, and the supreme court denied the motion on December 23, 1998.

Petitioner then filed a petition for writ of certiorari in the United States Supreme Court on March 23, 1999. The United States Supreme Court denied the petition for writ of certiorari on May 24, 1999.

Petitioner, proceeding with counsel, filed a petition for writ of habeas corpus in the district court on November 9, 2000.[1] The magistrate judge issued a report and recommendation on October 3, 2001, recommending that the habeas petition be dismissed for failure to comply with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Petitioner filed objections to the report and recommendation on October 18, 2001. By order entered on November 23, 2001, the district court adopted the report and recommendation. The district court reasoned:

> Petitioner presents the same arguments previously raised, . . . and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, the petitioner's objections are OVERRULED. Essentially, the petition is time-barred because, even crediting Sells' argument that he could not have discovered the federal basis for his claim until the day he filed his post-conviction proceeding,

---

1. Petitioner signed the habeas petition on May 19, 2000. Petitioner's counsel signed the    habeas petition on November 9, 2000.

and that the Court should equitably toll the running of the statute of limitations for that reason, he did not sign the instant petition until May 19, 2000, more than a year after the Ohio Supreme Court denied him review in his post-conviction action. The Court does not believe that the pendency of his *cert.* petition tolled the running of the statute. (J.A. at 70–71.) In accordance with its order, the district court entered judgment against Petitioner. On December 19, 2001, Petitioner filed a timely notice of appeal to this Court.

This Court reviews a district court's dismissal of a habeas petition *de novo* and reviews the factual findings of the district court for clear error. *Cook v. Stegall,* 295 F.3d 517, 519 (6th Cir.2002).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to all habeas petitions filed after the effective date of April 24, 1996. 28 U.S.C. § 2244(d).[2] For petitioners whose convictions became final prior to the effective date of the AEDPA. this Court has ruled that they have one additional year after the AEDPA's effective date to file a habeas petition. *Cook,* 295 F.3d at 519.

Petitioner's conviction became final on or about September 23, 1992, when the time expired for Petitioner to file a petition for writ of certiorari to the United States Supreme Court from the Ohio Supreme Court's dismissal of his direct appeal. *See* S.Ct. R. 13. Because Petitioner's conviction became final prior to the effective date of the AEDPA, Petitioner had until April 24, 1997 to file his habeas petition; however, Petitioner's second petition for post-conviction relief tolled the statute of limitations set forth in § 2244(d) from September 23, 1996 to December 23, 1998, when the Ohio Supreme Court denied Petitioner's motion for reconsideration. Petitioner therefore had until December 23, 1999 to timely file his habeas petition. Petitioner, however, did not file his habeas petition until November 9, 2000.

Petitioner argues that because he filed a petition for writ of certiorari to the United States Supreme Court, the statute of limitations set forth in § 2244(d) should be tolled during the time period in which his petition for writ of certiorari was pending before the United States Supreme Court.

The statute of limitations set forth in § 2244(d) began to run again on December 23, 1998, when the Ohio Supreme Court denied Petitioner's motion for reconsideration. Three months later, on March 23, 1999, Petitioner filed his petition for writ of certiorari. The United States Supreme Court denied the petition for writ of certio-

---

**2.** AEDPA provides:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

rari on May 24, 1999. If the statute of limitations set forth in § 2244(d) is tolled during the two-month period in which Petitioner's petition for writ of certiorari was pending before the United States Supreme Court, the statute of limitations would have ended on March 24, 2000. Petitioner's habeas petition, however, was not filed until November 9, 2000, over six months after the statute of limitations would have ended.

We therefore hold that Petitioner's habeas petition is untimely, even if the statute of limitations set forth in § 2244(d) is tolled during the time period in which Petitioner's petition for writ of certiorari was pending before the United States Supreme Court.

### CONCLUSION

For the forgoing reasons, we AFFIRM the district court's judgment.