**Chad SWATZELL, Petitioner–Appellant,**

v.

**Virginia LEWIS, Respondent–Appellee.**

No. 03–5197.

United States Court of Appeals, Sixth Circuit.

Oct. 24, 2003.

Before: BOGGS, Chief Judge;
GIBBONS, Circuit Judge; and GWIN,
District Judge.*

---

## ORDER

This Tennessee state prisoner, with the benefit of counsel, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The parties have expressly waived oral argument. Upon review, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A Tennessee jury convicted Chad Swatzell of first degree murder, aggravated assault with intent to commit armed robbery, and second degree burglary while in possession of a firearm. The trial court sentenced Swatzell to life imprisonment on the murder conviction, six years of imprisonment on the burglary conviction to run concurrent to the life sentence, and four years of imprisonment on the assault conviction to run consecutively to the life sentence.

The Tennessee Court of Criminal Appeals affirmed the trial court's judgment. Swatzell then petitioned the trial court for post-conviction relief alleging that his attorney rendered ineffective assistance at trial. The trial court denied Swatzell's motion for post-conviction relief after a hearing. The Tennessee Court of Criminal Appeals rejected Swatzell's claim that trial counsel was constitutionally defective for failing to obtain suppression of his confession, failing to relay plea offers, and failing to properly investigate. The Tennessee Supreme Court denied Swatzell permission to appeal.

In his petition, and amended petition, for a writ of habeas corpus, Swatzell claimed that he did not receive effective assistance of counsel at trial based on counsel's failure to file a motion to suppress his statements made to police officers and counsel's failure to investigate and pursue a diminished capacity defense, and the "cumulative effect" of trial counsel's errors. The government moved the district court to dismiss and for summary judgment. The district court granted the government's motion for summary judgment, holding that the state court findings that trial counsel's actions were strategic and not in error were based on a reasonable determination of the facts. Swatzell appeals that judgment. The district court granted Swatzell a certificate of appealability.

On appeal, Swatzell reasserts the ineffective assistance of counsel claim certified for appeal.

In reviewing federal habeas corpus proceedings, we examine the district court's disposition of a petition for habeas corpus de novo. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir.2002). The district court's factual findings, however, are reviewed for clear error. *Id.* Because Swatzell's case was decided in the district court under 28 U.S.C. § 2254, this court must review the district court's decision in light of the standard of review for habeas corpus actions set forth in § 2254(d). Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state-court adjudication resulted in a decision that (1) was contrary to clearly established Federal law, as determined by the Supreme Court of the United

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

States, or (2) involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

The Tennessee Court of Criminal Appeals in the post-conviction appeal properly applied federal law on Swatzell's ineffective assistance of counsel claim. To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *McQueen v. Scroggy*, 99 F.3d 1302, 1310–11 (6th Cir.1996). With respect to the deficient performance component of the two-part test, judicial review of a lawyer's performance should be "highly deferential." *Strickland*, 466 U.S. at 689. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the presumption that, under the circumstances, the challenged action might be considered sound trial strategy, *id.*, and trial counsel's tactical decisions are particularly difficult to attack. *McQueen*, 99 F.3d at 1311; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir.1994). To establish preju-

dice, a petitioner must show a reasonable probability that, but for his attorney's errors, the proceedings would have produced a different result. *Strickland*, 466 U.S. at 694.

■ The Tennessee Court of Criminal Appeals properly applied to the facts the governing legal principles when it affirmed the judgment dismissing Swatzell's post-conviction motion for relief. Trial counsel's decision not to file a motion to suppress was a strategic decision based upon the undisputed facts that Swatzell and his parents were advised of Swatzell's *Miranda* rights and the right to secure counsel, but nonetheless agreed for Swatzell to give a written statement to the police.

■ With respect to Swatzell's claim that counsel did not properly investigate his case, the record reveals that while counsel may not have thoroughly investigated the crime scene, counsel concluded that it was not necessary given Swatzell's voluntary confession. Counsel's decision was strategic. Moreover, Swatzell makes no showing as to what a further investigation would have revealed. Thus, there has been no showing of prejudice. Finally, with respect to Swatzell's mental condition claim, trial counsel did raise a mental condition defense and presented *ex parte* proof. Trial counsel's decision not to further pursue a diminished capacity defense was purely strategic given the lack of evidence that Swatzell was suffering under some sort of impaired mental condition when he committed the crimes.

In summary, we conclude that the Tennessee Court of Criminal Appeals decision is neither contrary to clearly established federal law nor an unreasonable application of clearly established federal law. Accordingly, we hereby affirm the district court's judgment for the reasons set forth

in the district court's memorandum opinion of January 21, 2003.

Before BATCHELDER and COLE, Circuit Judges; and HOOD, District Judge.*