**William DOSS, Petitioner–Appellant,**

v.

**Barbara BOCK, Warden, Respondent–Appellee.**

No. 02–2007.

United States Court of Appeals,
Sixth Circuit.

Feb. 11, 2004.

William Doss, pro se, Kincheloe, MI, for Petitioner–Appellant.

Mary D. Morrow, Detroit, MI, for Respondent–Appellee.

Before BATCHELDER, GIBBONS, and COOK, Circuit Judges.

### ORDER

This is a direct appeal from a district court's judgment denying a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1995, a Michigan jury found William Doss guilty of murder and possession of a firearm during to commission of a felony and he was sentenced to life plus two years. Doss filed a § 2254 petition in 2000 in which he challenged the constitutionality of his conviction on nine separate grounds and the district court denied the relief sought.

The district court granted a certificate of appealability only as to the following two issues: First, did the trial court's failure to instruct the jury on the use of witnesses' prior inconsistent statements deprive Doss of a fair trial? In addition, was Doss deprived of constitutionally effective counsel by his attorney's stipulation to the admission of a witness's prior recorded testimony?

In reviewing federal habeas corpus proceedings, this court reviews the district court's disposition de novo, but the findings of fact are reviewed for clear error only. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir.2002). This court conducts this review in light of the standard set forth in 28 U.S.C. § 2254(d). Section 2254(d)(1) directs that a writ of habeas corpus may issue only if one of the following two conditions is satisfied, namely, the state-court adjudication resulted in a decision that (1) was contrary to clearly established federal law, as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Under the "contrary to" clause, a federal court may grant the writ if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal court may grant the writ only if the state court identified the correct governing legal principle from the Supreme Court's decisions, but unreasonably applied that principle to the facts of the petitioner's case. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Doss was convicted of a homicide that occurred in the context of an aborted drug deal. Doss filed a collateral challenge to his conviction in Michigan state court and he received an evidentiary hearing at the trial court level. That court denied Doss's collateral challenge and the Michigan Court of Appeals affirmed this decision. Doss subsequently filed a § 2254 petition in federal court, after the Supreme Court of Michigan declined review, in which he raised nine separate claims for relief. While the district court rejected all nine of Doss's grounds for relief, this court need only concern itself with the disposition of the two claims certified for appeal.

The first relevant claim is that Doss was denied a fair trial by the failure of the Michigan trial judge to instruct the jury on the limited use of prior statements introduced for impeachment purposes. The second claim certified for review is that Doss's trial counsel was constitutionally ineffective in stipulating to the admission of a witness's prior testimony. Upon consideration, the decision denying these two claims, and the remainder of the grounds for relief, is affirmed for the rea-

sons set forth in the district court's opinion and order of July 15, 2002.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.