**Tracy STEWART, Petitioner–Appellant,**

v.

**Philip PARKER, Warden,
Respondent–Appellee.**

No. 03–5014.

United States Court of Appeals,
Sixth Circuit.

Aug. 20, 2004.

Tracy Stewart, Bowling Green, KY, pro se.

Matthew D. Nelson, Asst. Atty. General, Office of the Attorney General, Frankfort, KY, for Respondent–Appellee.

Before: NELSON, SILER, and BATCHELDER, Circuit Judges.

*ORDER*

Tracy Stewart, a Kentucky prisoner proceeding pro se, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On August 23, 1992, Stewart was convicted of burglary and being a persistent felony offender and received a life sentence. On December 22, 1994, the Supreme Court of Kentucky affirmed Stewart's conviction.

On August 15, 1996, Stewart filed a motion to vacate, set aside, or correct sentence pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42. The trial court denied Stewart's RCr 11.42 motion, the Kentucky Court of Appeals affirmed the denial of the motion, and the Kentucky Supreme Court denied discretionary review on December 13, 2000, Stewart did not petition the United States Supreme Court for a writ of certiorari.

Thereafter, on October 11, 2001, Stewart filed his habeas petition. The matter was referred to a magistrate judge who issued a report recommending that the petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1). The district court adopted the magistrate judge's report and recommendation over Stewart's objections. The court also denied Stewart a certificate of appealability. This appeal followed.

The district court refused to issue a certificate of appealability ("COA") with regard to any of Stewart's claims. However, this Court, sitting en banc, subsequently held that the one-year federal habeas limitations period "is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking [United States] Supreme Court review of the state's final judgment on that application," independent of whether the petitioner actually petitions the Supreme Court to review the case. *Abela v. Martin*, 348 F.3d 164, 172–73 (6th Cir.2003) (en banc), *cert. denied*, —— U.S. ——, 124 S.Ct. 2388, 158 L.Ed.2d 976 (2004). We then granted Stewart's COA motion as to the following issue: whether Stewart's petition was filed within the limitations period set forth at 28 U.S.C. § 2244(d). Appellate review is limited to the issue that was certified in the COA. See 28 U.S.C. § 2253(c); *Seymour v. Walker*, 224 F.3d 542, 561 (6th Cir.2000).

We review de novo a district court's determination that a habeas corpus petition was untimely filed. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir.), *cert. denied*, 537 U.S. 1091, 123 S.Ct. 699, 154 L.Ed.2d 638 (2002). Because Stewart's habeas corpus petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, our court's review is governed by the AEDPA. *Mason v. Mitchell*, 320 F.3d 604, 613 (6th Cir.2003). Here, the district court erred in finding Stewart's habeas corpus petition untimely.

Under the AEDPA, a state prisoner has one year from the conclusion of the prisoner's state proceedings in which to file a petition for habeas corpus relief. 28 U.S.C. § 2244(d)(1); *Cook*, 295 F.3d at 519. Prisoners whose direct appeals concluded prior to the effective date of the Act are afforded a one-year grace period—until April 24, 1997—in which to file for federal habeas relief. *Id.* However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Stewart's conviction became final prior to the effective date of the AEDPA. The one-year period of limitations began to run on April 24, 1996, and continued to run until Stewart filed his RCr 11.42 motion on August 15, 1996. See 28 U.S.C. § 2244(d)(2). This resulted in the expiration of 113 days of the one-year period of limitations.

The Kentucky trial court denied Stewart's RCr 11.42 motion, and the Kentucky Court of Appeals affirmed the denial of the motion. The state post-conviction review process continued until December 13, 2000, when the Kentucky Supreme Court denied discretionary review. See *Carey v. Saffold*, 536 U.S. 214, 219–20, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). After Stewart's motion for such review was denied, the statute of limitations continued to be tolled during the 90 days in which Stewart could have sought a writ of certiorari in the United States Supreme Court. See *Abela*, 348 F.3d at 172–73. That 90–day period expired on March 13, 2001, and the running of the federal statute of limitations resumed the next day, March 14, 2001. With 252 days remaining in the statutory period, Stewart had until November 20, 2001, to file his habeas petition in the district court. Stewart filed his habeas petition on October 11, 2001. Therefore, the petition is timely.

The district court's judgment is vacated and the case remanded for consideration of

the habeas petition on the merits. Rule 34(j)(2)(C), Rules of the Sixth Circuit.