**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0449n.06
Filed: June 26, 2007

06-1346

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

CLEO PARTA GILES, )
)
    Petitioner-Appellee, )
)
                                                ) ON APPEAL FROM THE UNITED
v. ) STATES DISTRICT COURT FOR THE
) EASTERN DISTRICT OF MICHIGAN
HUGH WOLFENBARGER, Warden, )
)
    Respondent-Appellant. )

Before: DAUGHTREY and GIBBONS, Circuit Judges, and SCHWARZER,[*] District Judge.

**PER CURIAM.** Respondent Hugh Wolfenbarger appeals the district court's grant of relief under 28 U.S.C. § 2254 to petitioner Cleo Giles, a Michigan state prisoner serving a life sentence for felony murder and related charges. The district court, finding that Giles had been deprived of representation by counsel of his choice at trial and that his stand-in attorney had rendered ineffective assistance, issued a conditional writ of habeas corpus pending a retrial in state court. The state, represented here by Warden Wolfenbarger, contends that the petition should have been dismissed in the district court because it was untimely, as the magistrate judge determined in the report and recommendation filed with

---

[*]The Hon. William W Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

the district judge.  The district court declined to adopt the magistrate judge's conclusion, holding instead that the statute of limitations was tolled during the applicable period and, alternatively, that even if statutory tolling was not supported by the record, application of the principle of equitable tolling was appropriate on the basis of the petitioner's claim of "actual innocence."  We conclude, to the contrary, that the record fully supports the magistrate judge's analysis and that there is no basis on which to predicate equitable tolling.  We therefore find it necessary to reverse the judgment of the district court.

The petitioner was convicted in the Detroit Recorder's Court in 1989.  His appeal to the Michigan Court of Appeals was dismissed in 1993 "for lack of progress."  On March 24, 1995, Giles filed a motion for relief from judgment in the trial court, pursuant to Michigan Court Rule 6.500-.509 (referred throughout the record as "the 6.500 motion").  That motion was denied in June 1995, presumably because counsel failed to file a brief in support, leading the petitioner to request appointment of new counsel.  A new attorney was appointed and sought leave to file an appeal in June 1996, contending that the petitioner was denied relief on his 6.500 motion due to ineffective assistance of counsel in failing to file a brief in the trial court.  In February 1997, the Michigan Court of Appeals denied leave to appeal denial of the 6.500 motion but remanded the matter to the trial court for appointment of counsel, who would then need to file a new 6.500 motion.  *See People v. Giles*, No. 195874 (Mich. Ct. App. Feb. 26, 1997).

On July 10, 1997, the trial judge appointed counsel for Giles, pursuant to the direction of the Court of Appeals, but the attorney did not file a 6.500 motion until October 30, 1998, almost 16 months later. The state trial judge first granted the motion based upon a finding that the petitioner had received ineffective assistance of counsel both at his 1989 trial and on direct appeal and, in a second order, suppressed the petitioner's pretrial statement to police. However, after a series of appeals by the state contesting these rulings, the Michigan Court of Appeals reversed the trial court's grant of relief from judgment in November 2001, and the Michigan Supreme Court denied leave to appeal on October 9, 2002. *See People v. Giles*, No. 120972, 653 N.W.2d 405 (Mich. 2002).

On October 8, 2003, petitioner filed the current application for a writ of habeas corpus in federal district court, apparently under the misconception that the one-year statute of limitations, applicable under 28 U.S.C. § 2244(d), ran from the date of the last order from the Michigan Supreme Court a year earlier. But, because the petitioner's conviction became final before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (April 26, 1996) (codified as amended in various sections of 28 U.S.C.), the limitations clock began running on April 26, 1996, and expired one year later on April 26, 1997, absent tolling. *See Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002). This initial period was partially tolled by the pendency of the petitioner's request for leave to appeal from the denial of his 6.500 motion in the Michigan Court of Appeals, at least until leave to appeal was denied on February 26, 1997, at which

time the case was remanded to the state trial court for the appointment of new counsel and the filing of a new motion for relief from judgment.

The magistrate judge concluded that the statute of limitations began to run on the day after the entry of the order of remand, February 27, 1997, there being nothing pending on the merits of the petitioner's case in any Michigan court at that time. The magistrate judge calculated that the period of limitations then ran without interruption until the new 6.500 motion was filed on October 30, 1998, when tolling would have resumed *but for* the fact that by then 610 days had passed, 245 days beyond the expiration of the one-year limitations period. The petitioner objected to this ruling, arguing that his 6.500 motion was still pending on remand from the Michigan Court of Appeals to the state trial court and that the statute was, therefore, tolled until the final ruling denying relief from judgment on the 6.500 motion on October 9, 2002.

The flaw in this reasoning is the petitioner's failure to take into account the long, unexplained delay that accumulated post-remand in the state trial court. Giles's new attorney was appointed on July 10, 1997, but the new 6.500 motion was not filed until October 30 of the following year. Even if we were to hold that the statute was tolled from the entry of the appellate remand order on February 27, 1997, until the appointment of counsel on July 10, 1997, a proposition that the magistrate judge rejected, it is clear that the one-year statutory period began to run at the latest on July 10, 1997, and ran out on July 9, 1998. It was, however, another 114 days before the new 6.500 motion was filed at

the end of October, several months beyond the last possible date on which the one-year period expired.

We therefore conclude that the statute of limitations had run when the current habeas petition was filed in federal court on October 8, 2003, and that it should have been dismissed by the district court as untimely. Nor do we find any basis on which to predicate equitable tolling in this case. As the magistrate judge observed, the petitioner raised no argument below that the circumstances of this case warrant equitable tolling of the limitations period, thus failing to carry his burden under *Keenan v. Bagley*, 400 F.3d 417, 420-22 (6th Cir. 2005), to demonstrate that equitable tolling was warranted. Moreover, the district court's determination that petitioner's claim of actual innocence entitles him to equitable tolling under *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), cannot be sustained either factually or legally. There has been no evidentiary hearing in this case and, thus, there is nothing in this wholly undeveloped record to support such a claim, other than a 1994 affidavit by a witness at petitioner's 1989 trial recanting testimony that he gave at that trial. But, "[r]ecanting affidavits and witnesses are viewed with extreme suspicion," *United States v. Chambers*, 944 F.2d 1253, 1264 (6th Cir. 1991), and in this case, such caution is clearly warranted. There is no evidence concerning the authenticity of the affidavit, the motivation of the affiant, the circumstances of the affidavit's execution, the timing of its submission, or its consistency with other evidence in the trial record. In short, there is no basis for the conclusion that this is "'an extraordinary case'" in which tolling based on a claim of actual innocence is appropriate. *Schlup v. Delo*, 513 U.S. 298, 321 (1995) (quoting

*Murray v. Carrier*, 477 U.S. 478, 496 (1986); *see also House v. Bell*, 126 S.Ct. 2064, 2077 (2006) (the standard for consideration of actual innocence claims is "demanding and permits review only in the extraordinary case").

For the reasons set out above, we REVERSE the judgment of the district court, VACATE the conditional grant of a writ of habeas corpus, and REMAND the case for dismissal of the § 2254 petition as untimely filed.